## Case No. 8,744.

### McDANIEL v. FISH et al.

[2 Cranch, C. C. 160.] [1]

Circuit Court, District of Columbia. Dec. Term, 1818.

PRACTICE AT LAW — REINSTATEMENT OF ACTION—NON PROS.—ACTION ON REPLEVIN BOND—MITIGATION OF DAMAGES—MERITS OF CASE.

1. The court will not, at a subsequent term, reinstate an action of replevin which had been non-prossed at a preceding term, upon a rule to declare.

2. In an action upon a replevin-bond, it seems that the defendant may, in mitigation of damages, give evidence of fraud, by which the defendant was cheated by the plaintiff and others, in playing at cards, whereby the plaintiff won the mare of the defendant, which was the subject of the replevin.

[This was an action at law by McDaniel, for the use of James Semmes, against Francis Fish and others.]

Debt on replevin-bond. The breach assigned was that the plaintiff in replevin did not prosecute the replevin to effect.

Mr. Jones, for defendants in the present action, moved the court for leave to reinstate the replevin, and bring it forward on the docket, it having been non-prossed at December term, 1816, on the imparlance docket, upon a rule to declare, on the ground that the plaintiff in replevin, was an ignorant man, and did not know that he was to appear in court to prosecute his suit, and did not employ an attorney. The motion was supported by the affidavits of Fish himself, and several witnesses tending to show a gross cheating of Fish, by James Birch, —— Burgerson, and James Semmes, in playing at cards and winning Fish's mare, which was the subject of the replevin. Fish had never entered his appearance in the replevin, either in proper person or by attor-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

ney. At the return term of the writ the defendant appeared and laid a rule on the plaintiff to declare by the rule-day, upon which rule the replevin was non-prossed at the subsequent term. No judgment was ever entered for a return.

THE COURT (nem. con.) refused to reinstate the cause, on account of the wide door it would open to motions of this kind, and because the merits of the case might be given in evidence in mitigation of the damages in the present action upon the replevin-bond.